IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

**JERROD PEMBERTON,**

    **Petitioner,**

    v.

**UNITED STATES OF AMERICA,**

    **Respondent.**

**CRIMINAL NO. 4:17cr50-3**
**CIVIL NO. 4:18cv90**

## ORDER

This matter comes before the Court upon Jerrod Pemberton's ("Petitioner") pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"). ECF No. 95. In such motion, Petitioner asks the Court to vacate his judgment of conviction and sentence on the grounds that his two convictions for brandishing a firearm under 18 U.S.C. § 924(c)(1)(A) are unlawful and that his defense counsel rendered constitutionally deficient assistance. For the reasons set forth herein, Petitioner has failed to state a cognizable claim for relief. Accordingly, his § 2255 Motion must be **DENIED**.

### I. FACTUAL AND PROCEDURAL HISTORY

On May 8, 2017, a federal grand jury sitting in Newport News, Virginia named Petitioner and two-codefendants in an eleven-count criminal indictment charging them with the following eleven counts: Conspiracy to Interfere with Commerce by Robbery in violation of 18 U.S.C. § 1951(a) (Count 1); five counts of Robbery Affecting Commerce in violation of 18 U.S.C. §§ 1951(a) and 2 (Counts 2, 4, 6, 8 and 10); and five counts of Possessing and Brandishing a Firearm in Furtherance of a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A) and 2 (Counts 3, 5, 7, 9 and 11). ECF No. 1. On August 17, 2017, pursuant to a written plea agreement

1

with the United States ("Government"), Petitioner appeared before the magistrate judge and pled guilty to Conspiracy (Count 1) and two counts of Possessing and Brandishing a Firearm in violation of § 924(c)(1)(A) (Counts 3 and 11). ECF No. 24. Pursuant to the mandatory "stacking" penalty under § 924(c)(1), Petitioner faced a mandatory minimum sentence of 7 years on Count 3 plus a mandatory minimum sentence of 25 years on Count 11, each to be served consecutive to the sentences imposed on all other counts. See 18 U.S.C. §§ 924(c)(1)(A)(ii) and (c)(1)(C)(i).

On November 13, 2017, Petitioner appeared before the Court for sentencing. ECF No. 69. During the hearing, the Court accepted Petitioner's pleas of guilty, found him guilty of the offenses, and imposed a total of 408 months in prison, which was 73 months below the low end of Petitioner's advisory sentencing range under the Guidelines. See Judgment, ECF No. 73 at 2; Sealed Statement of Reasons, ECF No. 74. Petitioner's total term of imprisonment includes 24 months on Count 1 plus the mandatory minimum sentences of 7 years (84 months) on Count 3 and 25 years (300 months) on Count 11, all to be served consecutively. ECF No. 73, at 2. Final judgment was entered on November 15, 2017. Id. Petitioner did not appeal.

On June 20, 2018, Petitioner timely filed the instant § 2255 Motion, which was docketed by the Clerk of this Court on July 20, 2018.[1] ECF No. 95. Such motion is now before the Court.

## II. PETITIONER'S § 2255 MOTION

### A. STANDARD OF REVIEW

28 U.S.C. § 2255 allows a federal prisoner to move to "vacate, set aside or correct" a federal sentence on one of four grounds: "[1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is

---

[1] See 18 U.S.C. § 2255(f)(1) (providing a one-year filing limitation from the date a petitioner's conviction becomes final); see also Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing prison mailbox rule).

2

otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The Supreme Court has held that § 2255 is the appropriate vehicle by which a federal prisoner may challenge both his conviction and sentence. Davis v. United States, 417 U.S. 333, 343–44 (1974).

However, a § 2255 motion "may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982). Generally, any claim that could have been raised at trial or on direct appeal, but was not, is barred as procedurally defaulted. Bousley v. United States, 523 U.S. 614, 622 (1998). But this rule of default excludes claims of ineffective assistance of counsel, Massaro v. United States, 538 U.S. 500, 504 (2003), which are generally not cognizable on direct appeal unless the record on appeal conclusively shows ineffective assistance, United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999) (internal citation omitted).

When filing a § 2255 petition, the petitioner bears the burden of proving his grounds for relief by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958)). However, a pro se petitioner is entitled to have his petition and issues asserted therein construed liberally. Gordon, 574 F.2d at 1151. Upon reviewing a § 2255 motion, the district court may, in its discretion, deny the motion without a hearing. Raines v. United States, 423 F.2d 526, 529–31 (4th Cir. 1970). But it may only do so if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

### B. DISCUSSION

In his § 2255 Motion, Petitioner asks the Court to set aside both his judgment of conviction and his sentence on five purported grounds. ECF No. 95. Grounds One, Two and Five challenge the lawfulness of his § 924(c) convictions, and Grounds Three and Four assert claims of ineffective assistance of counsel. Id. The Court shall address each of these grounds in turn below.

### 1. Ground One: Petitioner Claims that His § 924(c) Convictions are Invalid Because He Was Not Convicted of the Underlying Crimes of Violence.

Ground One alleges that Petitioner's two § 924(c) convictions (Counts 3 and 11) were premised on the commission of crimes of violence, namely, the robberies alleged in Counts 2 and 10 of the indictment, but such counts were ultimately dismissed pursuant to Petitioner's plea agreement with the Government. ECF No. 95 at 4. Petitioner therefore argues that the essential elements of his § 924(c) charges were not satisfied and that his convictions on Counts 3 and 11 are invalid. Id.

This argument is without merit. The Fourth Circuit has clearly held that § 924(c) convictions do not require a conviction on the predicate crime of violence or drug trafficking offense. See United States v. Carter, 300 F.3d 415, 425 (4th Cir. 2002). This is also the consensus of every federal circuit to have addressed the question.[2] Rather, to secure a conviction under § 924(c), there need only be "legally sufficient proof that the predicate crime was, in fact, committed." United States v. Link, 214 F. Supp. 3d 506, 518 (E.D. Va. 2016) (quoting Johnson v. United States, 779 F.3d 125, 130 (2d Cir. 2015)).

Here, there is more than sufficient evidence to prove that Petitioner committed the underlying acts of robbery alleged in Counts 2 and 10 even though he was never convicted of such counts. The agreed Statement of Facts supporting Petitioner's convictions states that, on March 6, 2017, at approximately 3:30 a.m., Petitioner and one of his co-defendants entered the 7-Eleven in the 9900 block of Jefferson Avenue, Newport News, Virginia where they ultimately robbed the store clerk at gunpoint and took tobacco products from the store. ECF No. 42 ¶ 1. This is the

---

[2] See Johnson v. United States, 779 F.3d 125, 129 (2d Cir. 2015); United States v. Frye, 402 F.3d 1123, 1127–28 (11th Cir.2005) (per curiam); United States v. Lake, 150 F.3d 269, 275 (3d Cir. 1998); United States v. Munoz-Fabela, 896 F.2d 908, 911 (5th Cir. 1990); United States v. Nelson, 27 F.3d 199, 200 (6th Cir. 1994); Myers v. United States, 993 F.2d 171, 172 (8th Cir. 1993) (per curiam); United States v. Hunter, 887 F.2d 1001, 1003 (9th Cir. 1989); United States v. Hill, 971 F.2d 1461, 1467 (10th Cir. 1992) (en banc).

precise offense conduct alleged in Count 2 of the indictment. ECF No. 1 at 3. Petitioner's Statement of Facts further states that, at approximately 1:00 p.m. on that same date, Petitioner and one of his co-defendants entered the 1st Stop Convenience Store located in the 2200 block of Executive Drive, Hampton, Virginia where they ultimately robbed a store clerk at gunpoint and took U.S. currency from the store. ECF No. 42 ¶ 5. This is the precise offense conduct alleged in Count 10 of the indictment. ECF No. 1 at 9. During Petitioner's Rule 11 proceeding before the magistrate judge of this Court, Petitioner, under penalty of perjury, acknowledged that he read the Statement of Facts and initialed every page thereof, and he admitted that the facts alleged therein were true. See ECF No. 41. Based on this Statement of Facts, there is clearly legally sufficient evidence that Petitioner committed the crimes of violence underlying his §924(c) convictions. Therefore, Ground One of Petitioner's § 2255 Motion fails to state a claim for relief.

### 2. Ground Two: Petitioner Claims that the Two § 924(c) Convictions Stem from a Single Criminal Episode Sufficient to Sustain Only One Such Conviction.

Petitioner next argues that at least one of his § 924(c) convictions should be vacated because the underlying crimes of violence (Hobbs Act robberies) sprang from a "single impulse" and constituted a single criminal episode given that the robberies occurred on the same day, in the same area, and had the same purpose. ECF No. 95 at 5. At the outset, the Court notes that the five robberies comprising Petitioner's conspiracy in this case occurred at five different locations across Newport News and Hampton and occurred over a nine-hour time span. See Statement of Facts, ECF No. 42. Regardless, the temporal or spatial proximity of the underlying predicate offenses does not control whether they can sustain multiple § 924(c)(1) convictions. In fact, multiple § 924(c) convictions can arise out of a single predicate offense. United States v. Camps, 32 F.3d 102, 106 (4th Cir. 1994). As the Fourth Circuit explained in Camps:

> It is, we believe, self-evident that a defendant who has engaged in numerous instances of the precise conduct that Congress has outlawed has committed more

5

than one criminal offense. A defendant who has "used" or "carried" a firearm on several separate occasions during the course of a single continuing offense, therefore, has committed several section 924(c)(1) offenses.

Id. at 107.

Based on this clear statement of the law, Petitioner's second purported ground for relief is without merit. Petitioner's Statement of Facts clearly establishes that Petitioner committed two separate instances of brandishing a weapon during a crime of violence: the first during a robbery at a 7-Eleven convenience store in Newport News, Virginia at 3:30 a.m., and the second during a robbery at a 1st Stop convenience mart in Hampton, Virginia at 1:00 p.m., more than nine hours later. ECF No. 42 ¶¶ 1,5. Even though the underlying robberies were part of a single conspiracy, Petitioner's § 924(c) convictions in Count 3 and 11 properly correlate to two separate occasions when Petition carried and brandished a firearm during a crime of violence. Therefore, receiving two separate sentences under § 924(c) was appropriate, and Petitioner's claim to the contrary in Ground Two is without merit.

### 3. Ground Three: Petitioner Claims His Defense Counsel Was Ineffective by Advising Petitioner to Accept the Government's Plea Offer.

Petitioner's third purported ground for relief is an effective assistance of counsel claim. ECF No. 95 at 7. Specifically, he claims that his defense counsel was ineffective when advising Petitioner to accept the Government's plea offer because the only evidence against Petitioner was purportedly the statements of his two-codefendants and, according to Petitioner, "the testimony of an accomplice, standing alone, is insufficient to convict." Id.

To state a claim for ineffective assistance of counsel, Petitioner must satisfy the two-prong test established in Strickland v. Washington, 466 U.S. 668 (1984) by showing that (1) "counsel's representation fell below an objective standard of reasonableness," id. at 687–88, and that (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different," id. at 694. When applying this test to the guilty plea process, the Supreme Court has held that, to show prejudice, the Petitioner "must show that there is a reasonable probability that, but for counsel's errors, [the Petitioner] would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Petitioner's § 2255 Motion fails to state a claim for ineffective assistance of counsel under this standard. Even assuming for the sake of argument that the only evidence against Petitioner in this case was the testimony of his two co-defendants, Petitioner is incorrect to state that such evidence is legally insufficient to convict. Indeed, "[a]lthough the testimony of an accomplice should be examined with care and received cautiously, it is sufficient to sustain a conviction, even though uncorroborated, if it convinces a jury of the defendant's guilt beyond a reasonable doubt." United States v. Clark, 541 F.2d 1016, 1018 (4th Cir. 1976) (citation omitted). Therefore, Petitioner's claim fails both prongs of Strickland because (1) he fails to allege any facts tending to show that his counsel's performance was deficient by advising him to plead guilty, and (2) he fails to allege any rational basis on which Petitioner may have instead insisted on going to trial. Accordingly, Ground Three fails to state a claim for relief under § 2255 and must be dismissed.

### 4. Ground Four: Petitioner Claims His Defense Counsel Was Ineffective by Failing to Address the Deficiencies Identified in Grounds One and Two.

Ground Four of Petitioner's § 2255 Motion asserts a second ineffective assistance of counsel claim. This claim is also without merit. Petitioner claims that his counsel was ineffective by failing to address the purported deficiencies with his § 924(c) convictions that are alleged in Grounds One and Two of his § 2255 Motion. ECF No. 95 at 8. But, for the reasons previously stated in this Order, these alleged deficiencies lack any support in the law. Therefore, Ground Four fails to allege any deficient performance by his counsel or resulting prejudice as required to state an ineffective assistance of counsel claim under Strickland.

### 5. Ground Five: Petitioner Claims that His § 924(c) Convictions are Invalid because Hobbs Act Robbery is Not a Predicate Crime of Violence after Johnson.

Lastly, Petitioner argues that his § 924(c) convictions on Counts 3 and 11 must be vacated because each is predicated on the commission of a Hobbs Act robbery, which he argues does not qualify as a crime of violence after the Supreme Court's holdings in Johnson v. United States, 135 S. Ct. 2551 (2015), and Sessions v. Dimaya, 138 S. Ct. 1204 (2018). Petitioner acknowledges that Johnson and Dimaya do not address the definition of "crime of violence" in 18 U.S.C. § 924(c)(3), but he claims that the statutory language is so similar to the language addressed in those cases that it, too, is unconstitutionally vague.

As an initial matter, the Fourth Circuit has not yet decided whether the residual clause contained in the definition of crime of violence in § 924(c)(3)(B) is unconstitutionally vague. In fact, a case deciding this precise question is currently pending before the Fourth Circuit in United States v. Simms, No. 15-4640. That said, this Court has consistently held that commission of Hobbs Act robbery under 18 U.S.C. § 1951(a) categorically satisfies the definition of crime of violence under the force clause in 18 U.S.C. § 924(c)(3)(A) and therefore is a crime of violence for purposes of a § 924(c) conviction even if the residual clause in subsection (3)(B) is unconstitutionally vague. See Watson v. United States, No. 2:10CR200, 2016 WL 4059218, at *2 (E.D. Va. July 25, 2016) (Smith, J.) (collecting cases).[3]

---

[3] The Second, Third, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Circuits have held the same. See United States v. Hill, 832 F.3d 135, 144 (2d Cir. 2016); United States v. Robinson, 844 F.3d 137, 141 (3d Cir. 2016), cert. denied, 138 S. Ct. 215, 199 L. Ed. 2d 141 (2017); United States v. Gooch, 2017 WL 816882 (6th Cir. 2017); United States v. Rivera, 847 F.3d 847, 849 (7th Cir. 2017), cert. denied, 137 S. Ct. 2228, 198 L. Ed. 2d 669 (2017); United States v. Farmer, 73 F.3d 836, 842 (8th Cir. 1996); United States v. Howard, 650 F. App'x 466, 468 (9th Cir. May 23, 2016, amended Jun. 24, 2016) (unpublished); United States v. Moreno, 665 F. App'x 678, 681 (10th Cir. 2016) (unpublished); In re St. Fleur, 824 F.3d 1337, 1340 (11th Cir. 2016).

Furthermore, the two cases cited by Petitioner in his § 2255 Motion are inapposite. See ECF No. 95 at 10. First, in United States v. Murphy, the Tenth Circuit merely restates its holding in United States v. O'Connor, which concluded that Hobbs Act robbery does not qualify as a crime of violence under the force clause contained in Section 2K2.1(a)(4)(A) of the Sentencing Guidelines. Murphy, 705 Fed. App'x 775 (10th Cir. 2017) (unpublished) (citing O'Connor, 847 F.3d 1147 (10th Cir. 2017)). Importantly, the O'Connor court distinguished this provision from the residual clause contained in 18 U.S.C. § 924(c)(3)(A) because the latter expressly includes the use of force against *property*, which is absent from the force clause contained in the Sentencing Guidelines. 847 F.3d at 1158. In fact, as noted above, the Tenth Circuit clearly held in Moreno that Hobbs Act robbery constitutes a crime of violence under the force clause in § 924(c)(3)(A). See supra n.3.

Finally, the Haynes case cited by Petitioner was vacated and reversed by the same district court a month later. See Haynes v. United States, No. 4:16-CV-4106, 2017 WL 368408, at *7 (C.D. Ill. Jan. 25, 2017), opinion vacated and superseded, 237 F. Supp. 3d 816 (C.D. Ill. 2017), appeal dismissed, 873 F.3d 954 (7th Cir. 2017). Notably, the district court's final opinion in Haynes acknowledges that Seventh Circuit precedent "makes clear" that Hobbs Act robbery satisfies the force clause of § 924(c)(3)(A). Haynes, 237 F. Supp. 3d at 828 (citing United States v. Anglin, 846 F.3d 954, 958 (7th Cir. 2017), cert. granted, judgment vacated on other grounds, 138 S. Ct. 126 (2017)).

In sum, consistent with the precedent of this Court and the guidance from its sister circuits, the Court finds that a Hobbs Act robbery clearly suffices as a "crime of violence" under 18 U.S.C. 924(c)(3)(A) because it necessarily requires the use or threatened use of force. Therefore, Petitioner's final ground for relief fails to state a cognizable claim for relief under § 2255.

## III. CONCLUSION

For the reasons above, the Court **FINDS** that Petitioner's § 2255 Motion, along with the files and the records of the instant case, conclusively show that Petitioner is entitled to no relief under 28 U.S.C. § 2255. Accordingly, the Court hereby **DENIES** Petitioner's § 2255 Motion without a hearing. ECF No. 95.

Petitioner is **ADVISED** that he may appeal from this final Order by submitting a written notice of appeal to the Clerk of the United States District Court, United States Courthouse at 600 Granby Street, Norfolk, Virginia 23510. Such written notice must be received by the Clerk within sixty (60) days from the date of this Order. However, because Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right," the Court shall not issue a certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); 28 U.S.C. § 2253(c).

The Clerk is **DIRECTED** to forward a copy of this Order to Petitioner and to the United States Attorney's Office for the Eastern District of Virginia, Newport News Division.

**IT IS SO ORDERED.**

/s/
Robert G. Doumar
Senior United States District Judge
UNITED STATES DISTRICT JUDGE

Norfolk, VA
January 9, 2019

10